UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCIS EMMANUEL PEREZ MATEO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-2242 (JDB) |
| ) | |
| SINCLAIR *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff, a prisoner proceeding in forma pauperis, has filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the District of Columbia Jail's warden and two other employees.  He alleges that he suffered great emotional distress because he was placed in a cell with another inmate with whom he had "serious conflicts."  Compl. ¶ 7.  Because his request to be separated from the other inmate was denied, the plaintiff alleges that he "spent 3 agonizing days" sharing a cell with his enemy, "not knowing if he was going to make [it] out alive or not." *Id.* ¶ 17.  Asserting that the refusal by the authorities to separate him from his enemy violated his Eighth Amendment protection against cruel and unusual punishment, plaintiff alleges that he suffered "extreme emotion distress," manifesting itself in "migraine headaches, dizziness, eating disorder, and mental anguish that have unsettle[d] the normal conditions of body and mind." *Id.* ¶ 26.  Plaintiff identifies no physical injury aside from those alleged maladies that were a manifestation of his emotional distress.  As relief, plaintiff seeks $5 million in damages. *Id.* at 6.

The Prison Litigation Reform Act ("PLRA") requires this Court to review pro se complaints filed by prisoners proceeding in forma pauperis, and to dismiss a complaint if it fails

to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). In addition, the PLRA prohibits a prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, the "physical injury" requirement of the statute "preclude[s] reliance on the somatic manifestations of emotional distress." *Davis v. District of Columbia,* 158 F.3d 1342, 1349 (D.C. Cir. 1998); *see also Geiger v. Jowers*, 404 F.3d 371, 374 n.10 (5th Cir. 2005) (listing Fifth Circuit cases in which that court determined that physical manifestations of emotional distress does not constitute "physical injury" for purposes of § 1997e(e)). In this case, because the plaintiff does not plead that he suffered any physical injury leading to emotional distress but instead pleads that his emotional distress led to physical symptoms of that distress, his suit is barred by § 1997e(e). *Id.* (interpreting the statute to require a showing of "prior" physical injury).

      Accordingly, the Court determines that the complaint fails to state a claim under 42 U.S.C. § 1983 upon which relief may be granted because such a claim is expressly barred by 42 U.S.C. § 1997e(e). Having so determined, the Court sua sponte will dismiss the complaint pursuant to its obligation under 28 U.S.C. § 1915A(b)(1). This determination constitutes a strike under 28 U.S.C. § 1915(g). A separate order accompanies this memorandum opinion.

                                                     /s/
                                          JOHN D. BATES
Dated: November 12, 2009                United States District Judge